UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

002152706 ONTARIO LIMITED,                                    **DECISION**
JEC DISTRIBUTORS INC.,                                            **and**
                                      Plaintiffs,              **ORDER**

            v.                                                **15-CV-20S(F)**

CHANGER & DRESSER, INC.,
                                      Defendant.
_____

APPEARANCES:         HARTER, SECREST AND EMERY LLP
                     Attorneys for Plaintiffs
                     DANIEL J. ALTIERI,
                     MICHAEL J. BERCHOU,
                     Lauren R. Mendolera, of Counsel
                     50 Fountain Plaza, Suite 1000
                     Buffalo, New York  14202-2293

                     BURR & FORMAN LLP
                     Attorneys for Defendant
                     RYAN M. CORBETT,
                     HARVEY S. KAUGET, of Counsel
                     201 N. Franklin Street, Suite 3200
                     Tampa, Florida   33602

## JURISDICTION

        This matter was referred to the undersigned for all dispositive and non-dispositive

motions by Order of District Judge William M. Skretny, filed November 16, 2017 (Dkt.

98).  It is presently before the court on Defendant's motion, filed December 11, 2017, to

dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction,

Fed.R.Civ.P. 12(b)(3) for lack of proper venue, and, alternatively, pursuant to 28 U.S.C.

§ 1406(a), to transfer the case to the Northern District of Alabama.[1]  (Dkt. 101)

("Defendant's motion").

_____
[1] A motion to transfer pursuant to 28 U.S.C. § 1406(a) is non-dispositive.  *See Moog, Inc. v. Newport Aeronautical, Inc.*, 2018 WL 344238, at *1 n. 1 (W.D.N.Y. June 23, 2016) (citing *Watson v. Wright*, 2011

## BACKGROUND AND FACTS[2]

**T**his patent infringement action alleges Defendant's infringement of Plaintiffs' '281, '609 and '639 patents for Plaintiffs' spot welding cap changer invention facilitates spot welding.  Plaintiffs' '609 continuation patent was added by stipulation in Plaintiffs' Third Amended Complaint; Plaintiffs' '639 and '814 continuation patents were added by court permission, over Defendant's opposition, in Plaintiff's Fourth and Fifth Amended Complaints.  *See 002152706 Ontario Limited, et al. v. Changers & Dresser, Inc.*, 2016 WL 9488725, *1 (W.D.N.Y. Oct. 31, 2016) (permitting Fourth Amended Complaint); *002152706 Ontario Limited, et al. v. Changers & Dresser, Inc.,* 15-CV-00020S(F), Dkt. 97, Nov. 13, 2017 (permitting Fifth Amended Complaint).  In the original Complaint, the Amended Complaint (Dkt. 5), and Plaintiffs' First, Second, Third, and Fourth Amended Complaints, Plaintiffs alleged venue was proper in this district under 28 U.S.C. § 1391 (the general venue statute) and § 1400(b) (the patent venue statute).  In Defendant's motion to dismiss the Amended Complaint, filed March 31, 2015 (Dkt. 8), Defendant did not object to Plaintiffs' asserted venue in this district.  The parties stipulated to permit Plaintiffs to file a Second Amended Complaint (Dkt. 11), which Judge Skretny approved on April 21, 2015 (Dkt. 13).  In Defendant's answer to the Second, Third, and Fourth Amended Complaints, which asserted the same basis for venue, Defendant admitted venue was proper.[3]  See, *e.g.*, Dkt. 55 ¶ 13.  Defendant further asserted venue was proper for Defendant's invalidity counterclaims asserted in Defendant's Answers to

---

WL 1118608, at *6 ("Motions to transfer venue are non-dispositive.") (citing *Anscombe Broadcasting Grp, Ltd. v. RJM Communications, Inc.*, 2004 WL 249164, at *1 n. 1 (W.D.N.Y. Nov. 4, 2004) (considering motions to transfer a "non-dispositive pretrial determination made pursuant to 28 U.S.C. § 636(b)(1)(A)" and citing cases)).

[2]  Taken from the pleadings and papers filed in this action.

[3]  No answer was filed for the Complaint and Amended Complaint.

Plaintiffs' Second, Third, and Fourth Amended Complaints. *See, e.g.*, Dkt. 55 (Answer to Fourth Amended Complaint) ¶ 7 ("Venue is proper in this district.").   By papers filed June 6, 2017 (Dkt. 71), Defendant moved, pursuant to Fed.R.Civ.P. 12(b)(3) ("Rule 12(b)(3)"), together with Memorandum of Law in support (Dkt. 71-1), to dismiss Plaintiffs' Fourth Amended Complaint for lack of proper venue, or transfer the case to the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a) ("§ 1406(a)"), based on the Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC,* 137 S.Ct. 1514 (2017) ("*TC Heartland*"), decided May 22, 2017, in which the Court held that patent cases are required to satisfy the patent venue requirements of 28 U.S.C. § 1400(b) and may not be venued pursuant to the general venue provisions of 28 U.S.C. § 1391(c) ("Defendant's motion").  Plaintiffs' Memorandum of Law In Opposition To Defendant's Motion was filed June 30, 2017 (Dkt. 81); Defendant's Reply Memorandum was filed July 7, 2017 (Dkt. 82).

On December 11, 2017, Defendant moved to dismiss Plaintiffs' Fifth Amended Complaint filed on November 27, 2017 (Dkt. 100) pursuant to Fed.R.Civ.P. 12(b)(2) ("Rule 12(b)(2)") for lack of subject matter jurisdiction based on Plaintiffs' lack of standing as well as improper venue in this district under Rule 12(b)(3) ("Defendant's Rule 12(b)(2) motion").  Plaintiffs' Memorandum of Law in opposition was filed January 5, 2018 (Dkt. 105); Defendant's Reply Memorandum was filed January 19, 2018 (Dkt. 108).  Defendant's December 2017 Rule 12(b)(2) motion asserts that because the Plaintiffs' original patent assignee, Copperhead Industrial, Inc. ("Copperhead"), an Ontario corporation, is not the named Plaintiff, the Plaintiff 002152706 Limited Ontario corporation lacks standing.  By papers filed December 22, 2016, Plaintiffs' cross-moved

to substitute Copperhead as the real party in interest as plaintiff in this action, in lieu of 002152706 Ontario Limited, which corporation Plaintiffs contend was mistakenly named as assignee of the original patent and one of the Plaintiffs in this action.  (Dkt. 65) ("Plaintiffs' Cross-Motion).  Plaintiff JEC Distributors Inc. is a U.S. distributor of Plaintiffs' spot welding cap changers whose standing is also subject to Defendant's motion.  In Plaintiffs' Cross-Motion Plaintiffs also sought a stay of Defendant's parallel declaratory action based on the same patent infringement claims Defendant commenced in 2016 in the Northern District of Alabama ("the Alabama action"), which action has been stayed by the district court in the Alabama action pending determination of Plaintiffs' and Defendant's motions in this district.  *See* Dkt. 71-1 at 9 n. 4.  Defendant's motion to dismiss or transfer is predicted on the fact, not disputed by Plaintiffs, that Defendant is neither a New York State corporation nor does it have a principal place of business in this district as required by § 1406(b) for proper venue of a patent case.  Oral argument on Defendant's motion was deemed unnecessary.

**DISCUSSION**

1.   <u>Improper Venue</u>.

In *TC Heartland*, the Supreme Court reaffirmed its decision in *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 226 (1957), that 28 U.S.C. § 1400(b), the patent venue statute, controls the question of the proper venue for a patent infringement claim against a defendant corporation.  *TC Heartland Products Corp.*, 137 S.Ct. at 1520-21.  Specifically, the Court held that § 1400(b)'s requirement that a corporate defendant be sued either where it "resides," *i.e.*, its place of incorporation or corporate

domicile, or where it both has infringed and maintains a principal place of business,

does not include the broader definition of corporate residence enacted by later

amendment to the general venue statute as enacted in 1988 and 2011, 28 U.S.C. §

1391(a)(c) ("§ 1391__"), *viz.,* corporation is a resident of "any district in which [the

defendant] is subject to the court's personal jurisdiction with respect to the civil action in

question." § 1391(c).  The Court further held that subsequent decisions, particularly *VE*

*Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed.Cir. 1990) ("*VE*

*Holding Corp.*"), that § 1391(c)'s then recently enacted broader definition of corporate

residence also redefined the term "resides" as used in § 1400(b), were erroneous

thereby requiring that the term as used in § 1400(b) means the defendant's domicile, or,

in the case of a defendant corporation, the defendant's "'state of incorporation only.'"

*TC Heartland, LLC*, 137 S.Ct. at 1519 (quoting *Fourco Glass Co.*, 353 U.S. at 226).

Here, the parties agree that Defendant, a subsidiary of Kyokutoh Co. Ltd., a Japanese

entity, is an Alabama corporation with its principal place of business in Birmingham,

Alabama within the Northern District of Alabama.  Dkt. 100 ¶ 8.  Plaintiffs do not allege

Defendant maintains a principal office in this district.  *See* Dkt. 11 ¶¶ 12-17.  Thus,

unless Defendant, by failing to assert improper venue for the Fifth Amended Complaint

as a defense either by pleading it as an affirmative defense pursuant to Fed.R.Civ.P.

12(b)(3) or by motion pursuant to Fed.R.Civ.P. 12(b)(3), is found to have waived such

defense as provided in Fed.R.Civ.P. 12(h)(1)(A), the action is subject to dismissal or

transfer under § 1406(a).[4]  However, for such a waiver to occur, a later asserted

---

[4]  Section 1406(a) as relevant provides that "[t]he district court of a district in which is filed a case laying
venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any
district . . . in which it could have been brought."

defense of improper venue, not included in a defendant's responsive pleading or Rule 12(b)(3) motion, the defense must have been "'available to the [defendant]' when the defendant made the initial Rule 12(b) motion." *In re Micron Technology, Inc.*, 875 F.3d 1091, 1096 (Fed.Cir. 2017 (quoting Fed.R.Civ.P. 12(g)(2) ("Rule 12(g)(2)")) ("*In re Micron Technology*").

In this case, Plaintiffs contend that Defendant's failure to include Plaintiffs' improper, *i.e.*, in violation of § 1400(b), venue defense in any of Defendant's answers to Plaintiffs' amended complaints or in Defendant's prior motion to dismiss pursuant to Rule 12(b)(2) for lack of subject matter jurisdiction based on Plaintiffs' lack of standing, filed December 1, 2016 (Dkt. 59), Defendant has waived such defense.  Dkt. 81 at 8. Plaintiffs further contend that even if such waiver by Defendant has not occurred, Defendant by failing to assert improper venue as an affirmative defense in Defendant's previous answers, and by asserting this district is a proper venue for its invalidity counterclaims, has consented to venue in this district.  Dkt. 81 at 11-12.  However, in *In re Micron Technology*, the Federal Circuit held that because its 1990 ruling in *VE Holding Corp.*, approving venue in a patent case using the broader definition of a corporation's residence as currently defined in § 1391(c) was, up to the date, May 22, 2016, of the Supreme Court's decision in *TC Heartland,* controlling precedent in pending patent cases, an improper venue defense based on a lack of compliance with the special venue requirements of § 1400(b) was not "available to defendant," for purposes of Rule 12(g)(2) and therefore could not be waived pursuant to Rule 12(h)(1) as any motion prior to *TC Heartland* seeking to assert such a defense would have been considered futile.  *In re Micron Technology, LLC*, 875 F.3d at 1097-98.  Plaintiffs

alternatively argue Defendant nevertheless waived the venue defense by not

challenging venue through a motion pursuant to 28 U.S.C. § 1404(a) (permitting transfer

based on convenience of witnesses).[5]  Dkt. 81 at 10-11.  This creative argument

however, ignores the fundamental purpose of § 1400(b), *i.e.*, to provide defendants with

a greater degree of ~~venue~~ protection in a patent infringement case.  *See In re Cray*,

*Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) ("Congress adopted the predecessor to §

1400(b) as a special venue statute in patent infringement actions to eliminate the

'abuses engendered' by previous venue provisions allowing such suits to be brought in

any district in which the defendant could be served." (quoting *Schnell v. Peter Eckrich &*

*Sons, Inc.*, 365 U.S. 260, 262 (1961))).  A change of venue pursuant to § 1404(a)

provides an entirely different form of relief not comparable to improper venue which

requires either dismissal or transfer under § 1406(a).  For example, relief under §

1404(a) is discretionary and, with the advent of video conference technology which can

obviate the need for long-distance travel for witnesses to the court for trial, has become

problematic.  *See, e.g., JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960

F.Supp.2d 383, 399 (E.D.N.Y. 2013) (noting available use of video-conferencing to

reduce inconvenience to witnesses) (citing *Longo v. Wal-Mart Stores, Inc.*, 79

F.Supp.2d 169, 172 (E.D.N.Y 1999)).  On the other hand, if the facts support that venue

is improper under § 1400(b), the case will be removed from the wrong venue either by

dismissal or transfer pursuant to § 1406(a).  Plaintiffs' theory that because § 1404(a)

relief is always available Defendant was not prevented from raising the venue issue

---

[5]  Although Defendant argues Second Circuit caselaw controls on the question of whether a defense was or was not available to a defendant, *see* Dkt. 71-1 at 7 n. 2 (citing caselaw), the proper interpretation of § 1400(b) is controlled by Federal Circuit law.  *In re Micron Technology, Inc.*, 875 F.3d at 1098 (citing *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed.Cir. 2017).

thus unacceptably blurs the distinct functions of § 1404(a) and § 1400(b), and as such, does not establish Defendant should be found to have waived its improper venue defense.

Plaintiffs further argue that because Defendant did not, in Defendant's answers, dispute Plaintiffs' venue allegations Defendant, notwithstanding the recent holding in *TC Heartland*, consented to venue in this district.  Dkt. 81 at 11-12.  This argument also has several obvious deficiencies.  First, while it is true that in Defendant's prior answers Defendant arguably acquiesced in Plaintiffs' venue allegations, it is also the case that in Defendant's Answer to Plaintiffs' Second, Third, and Fourth Amended Complaints Defendant specifically stated it had not "knowingly or intentionally waived any applicable defenses" and reserved its rights to advance such defenses "that may become available . . . during the course of this action."  *See* Dkt. 55 at 9 (underlining added).  Additionally, the operative pleading at this time is not the Complaint or any of the prior amended complaints but, *see Bethpage Water District v. Northrop Grumman Corp.*, 884 F.3d 118, 124 n. 8 (2d Cir. 2018) (noting the most recently amended complaint was the operative pleading), rather, Plaintiffs' Fifth Amended Complaint is the operative pleading to which Defendant has not yet answered and, instead, moved against in lieu of an answer pursuant to Rule 12(b)(3) for improper venue on June 6, 2017 shortly after the *TC Heartland* case was decided on May 26, 2017.  Moreover, there is no indication of any contractual relationship between the parties with a forum selection clause specifying this district for any potential lawsuit.  Defendant therefore cannot be said to have consented to venue based on a non-existent answer to Plaintiffs' Fifth Amended Complaint. Finally, the very notion of consent, as Plaintiffs posit, which implies a degree of

knowledge of the probable effect of the asserted consent (assuming there is in fact any real distinction between a waiver and a consent) flies in the face of the relevant facts. Here, it is plainly evident, as acknowledged by the Federal Circuit's recent decision in *In re Micron Technology,* that patent litigators in pending cases should not be held to the knowledge that its long-standing precedent in *VE Holding Corp.* was for 27 years in error and that the issue should have been relitigated.  As the Federal Circuit in *In re Micron Technology* observed, "a sufficiently sharp change in the law sometimes is a ground for permitting a party to advance a position that it did not advance earlier in the proceeding when the law at the time was strongly enough against that position."  *In re Micron Technology, Inc.*, 875 F.3d at 1097 (citing Supreme Court caselaw).  Therefore, it is not persuasive to urge, as do Plaintiffs, that Defendant's failure to oppose Plaintiffs' assertion of venue in this district at an earlier point in this case and reliance on such venue for Defendant's counterclaims constitutes a consent to such venue.  Although Plaintiffs also contend Defendant's reliance on this district's venue for Defendant's counterclaims established Defendant's consent to venue in this district, Dkt. 105 at 20 ("in bringing its counterclaims, Defendant affirmatively availed itself of venue in this District" under § 1391 and § 1400(b)), defendant in *In re Micron Technology* also interposed a counterclaim, yet the Federal Circuit in its decision did not allude to such procedural fact as providing any indicia of defendant's consent to improper venue.  *See In re Micron Technology, Inc.*, 875 F.3d 1091 (*passim*).  Accordingly, reliance by Defendant on Plaintiffs' asserted venue for Defendant's counterclaims does not establish Defendant's consent to such improper venue.  Plaintiffs' contention that

Defendant somehow waived its now proffered improper venue defense or consented to such improper venue in this district is therefore without merit.

Finally, Plaintiffs advances a policy-based argument, Dkt. 81 at 13; Dkt. 105 at 21, in further support of a finding that Defendant consented to venue in this district because, under a contrary holding, agreements to a specific venue will be placed in doubt thereby resulting in a plethora of transfers "disrupting judicial efficiency." However, as Defendant correctly observes, Dkt. 82 at 12, *TC Heartland* has already resulted in a large number of such motions.  Moreover, if the Supreme Court believed such disruption was unacceptable, it could have indicated its decision was not applicable to pending cases, but it did not.  Additionally, there is no factual basis for Plaintiffs' contention that existing forum selection agreements, containing consensually established venue provisions, will be invalidated by a finding in this case that Defendant did not consent to venue in this district as there is no indication in the record of any such agreement by the parties.  Nor do Plaintiffs explain how finding Defendant did not consent to venue in this district would imply any potential invalidity of all such contractual provisions.  Thus, Plaintiffs' policy arguments against Defendant's transfer request are baseless.

2.    Non-Rule 12(h)(1) Factors.

Plaintiffs also contend, Dkt. 105 at 19, that this court is nevertheless not required to grant transfer as Defendant' requests.  The court in *In re Micron Technology*, in reversing the district court's denial of defendant's motion to dismiss based on improper venue, required that the district court consider a defendant's potential forfeiture of its venue defense based on an exercise of the court's inherent power to control it docket

and administer justice pursuant to Fed.R.Civ.P. 1 ("Rule 1"), for example, a finding that a defendant's excessive delay in attacking a plaintiff's venue allegation results in a loss of such defense.  *See In re Micron Technology, Inc.*, 875 F.3d at 1100-01 (explaining noting availability of "non-Rule 12(h)(1) factors" to avoid an otherwise required § 1406(a) dismissal or transfer) (citing cases).  On remand, in *In re Micron Technology,* the district court, based on the record in that case, apparently found no evidence of defendant's dilatoriness or improper litigation behavior to support such a potential forfeiture and loss of defendant's venue defense and, in accordance with the Federal Circuit's remand instruction to consider non-Rule 12(h)(1) factors, nevertheless transferred the case to the District Court for the District of Delaware, the state of defendant's incorporation as defendant had requested.  *See* District of Massachusetts (Boston) Docket: Dkt. No. 166, Electronic Order of Judge Young filed November 30, 2017.[6]  In *In re Micron Technology*, defendant had previously, in August 2016, before *TC Heartland* was decided, filed a motion to dismiss for failure to state a claim which the court granted but defendant did not raise any potential defense based on § 1400(b). Defendant subsequently answered Plaintiffs' Amended Complaint and interposed a counterclaim.  Shortly after the Supreme Court's decision in *TC Heartland* defendant filed a motion on June 2, 2017 to dismiss plaintiff's amended complaint for improper venue.  *In re Micron Technology, Inc.*, 270 F.Supp.2d 331, 332-33 (D.Mass. 2017). Similarly, in this case, Defendant, as noted, has previously filed a motion to dismiss for lack of subject matter jurisdiction in December 2016, but did not challenge Plaintiffs' assertion of venue until June 6, 2017, 11 days after the *TC Heartland* case was

---

[6]  The relevant docket indicates the court conducted a status conference but did not elucidate its reasons for transfer in a filed decision.

decided.  Defendant renewed its improper venue defense in its subsequent motion to

dismiss or transfer, filed December 11, 2017, directed to the Fifth Amended Complaint,

filed by Plaintiffs on November 27, 2017 based on permission granted by this court on

November 13, 2017 (Dkt. 97).  Thus, the court finds no basis on which to conclude that

Defendant is in any way guilty of an undue lack of diligence in seeking dismissal or

transfer based on improper venue in this district.  *See also Automated Packaging*

*Systems, Inc. v. Free-Flow Packaging Int'l, Inc.*, 2018 WL 400326, at *4 (N.D.Ohio Jan.

12, 2018) (granting transfer to Northern District of California based on defendant's

principal place of business in that district finding no unreasonable delay warranting

forfeiture of venue defense by defendant in seeking dismissal based on *TC Heartland*

where defendant moved within one month of the Supreme Court's ruling, in its answer

defendant had interposed an invalidity and non-infringement counterclaim, the case had

not proceeded past briefing on claim construction, no *Markman* hearing had been

conducted, no dispositive motions had been ruled upon, the case was stayed for one

year to accommodate an *inter partes* review, and no trial had been scheduled) (citing

caselaw).  Similar factors are present in the instant case: the case was stayed for a

substantial period of time for *inter partes* review purposes; one such proceeding

remains pending, Defendant asserted invalidity and non-infringement counterclaims, the

parties have exchanged infringement and invalidity contentions and responses, claim

construction briefing has commenced but no *Markman* hearing has been scheduled,

third party subpoenas have been served and party depositions have been noticed but

not conducted.  Dkt. 81 at 6; Dkt. 82 at 12.  Additionally, Plaintiffs' Fifth Amended

Complaint added 94 claims requiring additional infringement and invalidity contentions

submissions and claim construction briefing.  *See* Dkt. 108 at 14.  However, none of these considerations support any undue delay in litigating the venue issue on the part of Defendant, or an attempt by Defendant to improperly obtain a tactical advantage, and Plaintiffs do not contend that these litigation activities, essential to a patent infringement action, will be wasted if the case is transferred to the Northern District of Alabama.  Nor do Plaintiffs point to any facts supporting that Plaintiffs will be unduly prejudiced by Defendant's requested transfer.

On the same day as it decided *In re Micron Technology*, the Federal Circuit also remanded to the District Court for the District of Minnesota the case of *Cutsforth, Inc. v. LEMM Liquidating Company, LLC*, 2017 WL 5907556, at *2 (Fed.Cir. Nov. 15, 2017) to determine whether the presence of non-Rule 12(h)(1) factors that may warrant denial of a motion to transfer for improper venue based on *TC Heartland, LLC*.  Upon remand, District Court Judge Susan Richard Nelson determined that no such factors were present and granted transfer of the case to the Western District of Pennsylvania as she had previously done.  *See Cutsforth, Inc. v. LEMM Liquidating Company, LLC,* 2018 WL 847763, at **1-5 (D.Minn. Feb. 13, 2018).  Particularly, Judge Nelson found, similar to the facts of the instant case, the defendant had promptly, 16 days after the *TC Heartland* decision, moved to dismiss for improper venue, plaintiff's assertion of defendant's tactical gamesmanship was based on "conjecture," and there was otherwise no evidence of defendant's "undue delay, bad faith, or dilatory motive to warrant rejecting [defendant's motion to transfer]."  *Id.* at *3.  Judge Nelson also found that any prejudice to plaintiff was outweighed by forcing defendant to litigate in an improper forum contrary to the requirement of § 1400(b), *id.*, and, finally, while claim

construction proceedings had progressed to a point where the court was about to issue its claim construction ruling, *id.* at 5, the case was not sufficiently trial ready to warrant a denial of transfer in order to achieve litigation "efficiency" required by Rule 1.  *Id.* at *5. The court, therefore, again ordered a transfer to the Western District of Pennsylvania pursuant to Rule 1406(a).  *Id.* at 6.  In doing so, the court noted that all of defendant's fact witnesses are in the Pittsburgh area and although fact and expert discovery had closed, "the underlying work performed by both parties is transferrable and will ameliorate some of the parties' future expenditures . . .."  *Id.* at *4.  The facts and posture of *Cutsforth* and this case are strikingly similar.  In both cases the litigation was delayed to accommodate an *inter partes* review, defendants timely moved for dismissal or transfer, defendants were not guilty of tactical misconduct, plaintiff's possible inconvenience was outweighed by deprivation of defendants' right to litigate in the proper venue, here, the Northern District of Alabama, where, like *Cutsforth*, Defendant's fact witnesses are likely to reside, *Markman* proceedings were incomplete, the case was not trial ready, and the venue problem was not being raised by defendant in close proximity to a scheduled trial date.  As in *Cutsforth,* such considerations point to a transfer of this case.[7]

3.    Transfer Under § 1406(a).

     As noted, *see* Discussion, supra, at 5 n. 4, where improper venue is found, § 1406(a) authorizes a discretionary transfer to any district in which the action has been brought.  In this case, absent Defendant's waiver or consent, neither of which is

---

[7]   Judge Nelson's decision also thoughtfully emphasizes the need to exercise the court's inherent authority to consider non-Rule 12(h)(1) factors as enunciated by the Federal Circuit in *In re Micron Technology* with due caution.  *See Cutsforth, Inc.*, 2018 WL 847763, at *6 n. 3 (citing caseslaw).

present, the case should have been venued in the Northern District of Alabama where Defendant is incorporated and has its principal place of business as required by § 1400(b).   Accordingly, pursuant to § 1406(a), the action should be transferred to the Northern District of Alabama.  *See also Automated Packaging Systems, Inc.*, 2018 WL 400326, at *10 (transfer pursuant to § 1406(a) warranted as in interest of justice and "'doubts . . . resolve[d] in favor of preserving the action, particularly where it appears that venue may be proper in the proposed transferee district'") (quoting *Simpson v. Performance Prods., Inc. v. NecksGen, Inc.*, 2017 WL 3616764, at *8 (W.D.N.C. Aug. 23, 2018) (quoting *Nation v. United States Gov't.*, 512 F.Supp. 121, 126-27 (S.D.Ohio 1981)))).  Here, Plaintiffs do not contest that the Northern District of Alabama is a proper transferee district for § 1406(b) purposes.  Finally, considerations of calendar congestion also favor transfer.  As of March 2018, the median time from filing to trial of a civil case in this district is 57.8 months; for the Northern District of Alabama it is 33.8 months.[8]  Accordingly, it is fair to assume the parties are more likely to obtain an earlier final disposition of this matter in the transferee district.  Thus, transfer to that district is consistent with the court's obligation to promote litigation efficiency, as recognized by *In re Micron Technology,* and as required by Rule 1.

## CONCLUSION

Based on the foregoing, Defendant's alternative motion to transfer (Dkt. 101) is GRANTED; Defendant's motion to dismiss for improper venue (Dkt. 101) is DISMISSED

---

[8]  Http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/03/31-1.

as moot.  The Clerk of Court is directed to take all steps necessary to transfer this

matter to the Northern District of Alabama.[9]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Dated:  July 19, 2018
Buffalo, New York

_____

[9]  Given that the case is transferred it is unnecessary for this court to consider Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. 59) and Plaintiffs' cross-motion to substitute real party in interest (Dkt. 65) which will be decided, following transfer, by the Northern District of Alabama District Court.