FILED
2019 Jan-28 PM 02:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **002152706 ONTARIO LIMITED** and **JEC DISTRIBUTORS, INC.**, <br><br>  Plaintiffs, <br><br> v. <br><br> **CHANGER & DRESSER, INC.**, <br><br>  Defendant. | Case No.: 1:18-cv-01228-ACA |

## MEMORANDUM OPINION AND ORDER

Plaintiffs 002152706 Ontario Limited and JEC Distributors, Inc. ("JEC") initiated this lawsuit against Defendant Changer & Dresser, Inc. ("Changer & Dresser"). Plaintiffs allege infringement by Changer & Dresser of four patents, U.S. Patent Numbers 8,742,281; 9,168,609; 9,393,639; and 9,757,814 (the "patents-in-suit"). This matter is before the court on Changer & Dresser's motion to dismiss the fifth amended complaint for lack of standing (doc. 101) and Plaintiffs' motion to substitute Copperhead Industrial, Inc. ("Copperhead") as a party plaintiff in place of 002152706 Ontario Limited (doc. 103).

For the reasons explained below, the court **GRANTS** Plaintiffs' motion to substitute and **GRANTS IN PART** and **DENIES IN PART** Changer & Dresser's motion to dismiss.

## I.  BACKGROUND

### *A.  Relevant Facts*

Copperhead is a Canadian corporation that distributes automotive manufacturing industry products, including cap changers, tip dressers, sensors, weld gun covers, cutter blades and holders, and force gauges. (Doc. 100 at ¶¶ 1, 6; Doc. 104 at ¶ 3). Copperhead is incorporated under the laws of Ontario, Canada. (Doc. 104-3 at 4; Doc. 136-1 at 6).

Under Ontario law, to come into existence and be considered a valid legal entity, a domestic Ontario corporation is required to file articles under the Business Corporations Act (Ontario), R.S.O. 1990, c. B.16 (the "Act") and register with the Ontario Ministry of Government and Consumer Services (the "Ministry"). (Doc. 136-1 at ¶ 2; Doc. 137-2 at 28). At the time of registration, the Ministry assigns an Ontario Corporation Number to every corporation incorporated under the Act. (Doc. 136-1 at ¶¶ 6-7; Doc. 137-2 at 30). The Ontario Corporation Number must be specified in the corporation's certificate of incorporation. (Doc. 136-1 at ¶ 7; Doc. 137-2 at 24). If an incorporator does not specify a corporation name in the articles of incorporation, the Ministry assigns a number name comprised of the Ontario Corporation Number, the word "Ontario," and a business designation or abbreviation. (Doc. 136-1 at ¶ 6; Doc. 137-2 at 24).

An Ontario Corporation Number is a unique identifier. No two corporations may be assigned the same Ontario Corporation Number. (Doc. 136-1 at ¶ 7). A corporation may not transfer or change its Ontario Corporation Number, and if a company merges with another corporation, the new corporation receives a new Ontario Corporation Number. (Doc. 136-1 at ¶ 7).

Joseph Ruggiero incorporated Copperhead in 2007. (Doc. 136-1 at 7-14). When Copperhead was incorporated, Copperhead was issued Ontario Corporation Number 002152706. (Doc. 104 at ¶ 2; Doc. 136-1 at ¶ 6; Doc. 136-1 at 6). The number appears on Copperhead's certificate of incorporation and on its articles of incorporation. (Doc. 136-1 at 6-7).

Mr. Ruggiero has been the sole director and president of Copperhead since it was incorporated in 2007, and he has been the sole owner of Copperhead since 2011. (Doc. 104 at ¶¶ 1, 12(e)). Between November 2012 and February 2013, Mr. Ruggiero and Werner Kaeseler had discussions about Copperhead's potential purchase of Mr. Kaeseler's intellectual property rights to certain spot welding cap changers. (Doc. 100 at ¶ 4). On February 16, 2013, Mr. Kaeseler and Mr. Ruggiero signed a Patent Purchase Agreement which listed Mr. Kaeseler as the "Vendor," and 002152706 Ontario Limited as the "Purchaser." (Doc. 104-1). The Patent Purchase Agreement incorporates a Patent Assignment (the "original assignment"). (Doc. 103-1 at 1; Doc. 104-2). Pursuant to the original assignment,

Mr. Kaesler assigned and transferred his rights to the patents-in-suit to 002152706 Ontario Limited. (Doc. 104-2). Mr. Ruggiero, on behalf of 002152706 Ontario Limited, signed the original assignment. (Doc. 104-2 at 2). Bank statements reflect that all required payments due Mr. Kaeseler under the Patent Purchase Agreement were drawn from an account owned in the name of Copperhead. (Doc. 104 at ¶¶ 16-18; Doc. 104-5; Doc. 104-6).

On December 14, 2016, an attorney representing Mr. Ruggiero submitted proposed corrective assignments to the United States Patent and Trademark Office ("USPTO"). (Doc. 104 at 2; *see* Doc. 104-7; Doc. 104-8; Doc. 104-9; Doc. 104-10). The December 2016 corrective assignments are identical to the original assignment except the name "002152706 Ontario Ltd." is crossed out by hand and replaced with "Copperhead Industrial Inc." (Doc. 104-7 at 3-4; Doc. 104-8 at 3-4; Doc. 104-9 at 3-4; Doc. 104-10 at 5-6). Mr. Ruggiero initialed and dated each change. (*Id.*).

Mr. Ruggiero submitted identical declarations in support of the corrective assignments. (Doc. 104-7 at 6-7; Doc. 104-8 at 6-7; Doc. 104-9 at 6-7; Doc. 104-10 at 8-9). According to the declarations, the reference to "002152706 Ontario Ltd." in the original assignment "was due to an inadvertent mistake of identifying Copperhead by its Ontario corporation number (2152706) rather than by its corporate name (Copperhead Industrial Inc.)." (*See e.g.*, Doc. 104-7, p. 6 at ¶ 2).

4

In the declarations, Mr. Ruggiero claimed that when he signed the original assignment "and until only recently," he mistakenly believed that 002152706 Ontario Limited was the legal corporate name for Copperhead and that the corporation was "doing business as" Copperhead. (*See e.g.,* Doc. 104-7, p. 6 at ¶ 3). Mr. Ruggiero also asserted that "inclusion of '002152706 Ontario Ltd.' as a party to the [original a]ssignment was due to an error that did not accurately reflect my, Copperhead's, or Mr. Kaeseler's intentions. The [original a]ssignment was always intended to be between Mr. Kaeseler and Copperhead." (*See e.g.,* Doc. 104-7 at 7, ¶ 4).

On April 14, 2017, the USPTO accepted the corrective assignments and issued Notices of Recordation that correspond to each of the patents-in-suit. (Doc. 104 at 21; *see* Doc. 104-11).

### *B.     Relevant Procedural History*

Plaintiffs 002152706 Ontario Limited and JEC filed this lawsuit in the Western District of New York on January 6, 2015. (Doc. 1). 002152706 Ontario Limited and JEC amended their complaint of right on February 10, 2015. (Doc. 5). With Changer & Dresser's consent or the court's leave, 002152706 Ontario Limited and JEC filed three more amended complaints between December 7, 2015 and November 11, 2016. (Docs. 12, 27, 54).

Plaintiffs first moved to substitute Copperhead for 002152706 Ontario Limited on December 22, 2016 in response to Changer & Dresser's motion to dismiss the fourth amended complaint. (Doc. 65). While the original motion to substitute was pending, Plaintiffs moved to amend their complaint again to add another patent-in-suit. (Doc. 91). A magistrate judge granted the motion to amend without addressing Plaintiffs' motion to substitute or Changer & Dresser's motion to dismiss the fourth amended complaint. (Doc. 97).

On November 27, 2017, Copperhead and JEC filed the fifth amended and operative complaint. (Doc. 100). The fifth amended complaint does not name 002152706 Ontario Limited as a party plaintiff and acknowledges that a motion to substitute Copperhead for 002152706 Ontario Limited is pending. (Doc. 100 at 1, ¶¶ 1, 3). The fifth amended complaint alleges that Copperhead owns patents-in-suit and that JEC it is the non-exclusive licensee of the patents-in-suit. (Doc. 100 at ¶¶ 22-24). Changer & Dresser filed a motion to dismiss the fifth amended complaint for lack of standing and improper venue. (Doc. 101). Plaintiffs then renewed their motion to substitute Copperhead as a party plaintiff. (Doc. 103).

On July 19, 2018, the case was transferred from the Western District of New York to this court. (Doc. 116). The transfer order did not address Changer & Dresser's motion to dismiss for lack of standing or Plaintiffs' motion to substitute. (*See generally* Doc. 116). The court resolves both motions below in reverse order.

## II. MOTION TO SUBSTITUTE

Plaintiffs move to substitute Copperhead for 002152706 Ontario Limited as a plaintiff party pursuant to Rule 17 of the Federal Rules of Civil Procedure. (Doc. 103 at 1). Rule 17 provides, in relevant part:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P 17 (a)(3). The court should allow substitution under Rule 17(a)(3)

> (1) when an understandable mistake has been made in the determination of the proper party or where the determination is difficult; (2) where the change is merely formal and does not materially alter the known facts or issues; and (3) where the original plaintiff was not a fictitious entity; (4) if done timely.

*In re Engle Cases*, 767 F.3d 1082, 1109 n. 31 (11th Cir. 2014) (quoting *Delta Coal Program v. Libman*, 554 F. Supp. 684, 690 (N.D. Ga. 1982), *aff'd* 743 F.2d 852 (11th Cir. 1984)). Here, all four requirements are satisfied.

An understandable mistake was made in naming 002152706 Ontario Limited as Plaintiff in this action. In 2013, Mr. Ruggiero executed the Patent Purchase Agreement and original assignment that listed 002152706 Ontario Limited as the purchaser and assignee because he believed that 002152706 Ontario Limited was Copperhead's formal legal name, and that Copperhead was "doing business as" Copperhead. (Doc. 104 at ¶ 10). There is no evidence in the record that Mr.

7

Ruggiero had assistance of counsel when he signed the Patent Purchase Agreement and original assignment. In support of his assertion that he mistakenly believed that 002152706 Ontario Limited was Copperhead's legal name, Mr. Ruggiero submitted an April 30, 2011 sales agreement which states that "Glen Kelcher agrees to transfer ownership of his 50% share of 002152706 Ontario Limited, operating as Copperhead Industrial Inc. to Joseph Ruggiero . . . ." (Doc. 104-4). Changer & Dresser has submitted no evidence or argument to contradict this evidence.

Because Mr. Ruggiero believed Copperhead's formal title was 002152706 Ontario Limited, the Patent Purchase Agreement and original assignment of rights to the patents-in-suit refer to Copperhead as 002152706 Ontario Limited. Plaintiffs filed suit on January 6, 2015 based on the Patent Purchase Agreement and original assignment that misidentified Copperhead. And as explained in greater detail below, *see infra* pp. 12-15, the evidence establishes that the parties intended for Copperhead to purchase the intellectual property rights at issue. Thus, the mistake in naming 002152706 Ontario Limited as an original plaintiff is excusable.

Next, substitution in this case is merely formal in that it changes the name of a party plaintiff to the entity's legal name instead of the Ontario Corporation Number assigned to the entity. The record demonstrates that 002152706 Ontario

8

Limited and Copperhead are one in the same because Ontario Corporation Number 002152706 is assigned to Copperhead and can belong to no other entity but Copperhead. (Doc. 136-1 at ¶¶ 6-7). Although the fifth amended complaint adds factual allegations about the December 2016 corrective assignments that do not appear in previous pleadings, "the operative facts and the cause of action are not changed, but only the formally named Plaintiff." *Delta Coal Program v. Libman*, 743 F. 2d 852, 857 n.6 (11th Cir. 1984).

That this litigation has advanced substantively through discovery and claim construction briefing supports the conclusion that substitution in this case is merely a retitling of the plaintiff to correct a misnomer. During the December 14, 2018 hearing in this matter, counsel stated that the parties have completed "a fair amount of discovery" including document exchange and depositions. (Doc. 134 at 4-5). The parties also have completed claim construction briefs on three of the four patents-in-suit. (Doc. 134 at 5). Moreover, Changer & Dresser has not articulated "any prejudice to [its] defense resulting from the substitution." *Delta Coal Program*, 743 F.2d at 857 n.7.

The third factor is satisfied because 002152706 Ontario Limited is not a fictitious party. 002152706 Ontario Limited is not an existing corporation under Ontario law. (Doc. 137-2 at ¶ 4; Doc. 137-2 at 7). However, it is not a fictitious entity. It is an improper title for Copperhead which is a valid legal entity.

9

Finally, the request for substitution is timely. Plaintiffs originally moved to substitute Copperhead as a party in interest on December 22, 2016. (Doc. 65). This was 10 days after Copperhead filed proposed corrective assignments with the USPTO accompanied by supporting declarations that Mr. Ruggiero had only recently learned that Copperhead, not 002152706 Ontario Limited, was Copperhead's formal legal name. (*See* Doc. 104 at ¶ 21; Doc. 104-7; Doc. 104-8; Doc. 104-9; Doc. 104-10).

Because the requirements of Rule 17(a)(3) are satisfied, the court **GRANTS** Plaintiffs' motion (doc. 103) and **SUBSTITUTES** Copperhead for 002152706 Ontario Limited as a party plaintiff.

## III.  MOTION TO DISMISS FOR LACK OF STANDING

Before a court may exercise jurisdiction over a patent claim, a plaintiff must establish standing under Article III and 35 U.S.C. § 281. *Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015). A plaintiff has constitutional standing under Article III if the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff has statutory standing under § 281 if the plaintiff is a "patentee." *Alps South*, 787 at 1382. The term "patentee"

includes the person to whom the patent is issued, successors in title to the patentee, and exclusive licensees. *Id.* at 1382.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Changer & Dresser moves the court to dismiss this case for lack of subject matter jurisdiction. (Doc. 101 at 1). Changer & Dresser argues that both Copperhead and JEC lack both constitutional and statutory standing. (Doc. 101 at 15-18).[1] Because Changer & Dresser mounts a factual challenge to subject matter jurisdiction, the court's analysis below with respect to both plaintiffs relies on extrinsic evidence and weighs the facts to determine whether the court may exercise jurisdiction. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013).

### *A. Copperhead*

Changer & Dresser argues that Copperhead, as substituted for 002152706 Ontario Limited, lacks standing because it has no rights to the patents-in-suit. (Doc. 101-1 at 15-18).[2] According to Changer & Dresser, Copperhead has not

---

[1] Changer & Dresser also argues that 002152706 Ontario Limited does not have standing. (Doc. 101-1 at 11-14, 17-18). Because the fifth amended complaint does not name 002152706 Ontario Limited as a party plaintiff, Changer & Dresser's arguments concerning 002152706 Ontario Limited's standing are moot, and the court does not consider them.

[2] During the December 14, 2018 hearing in this matter, counsel for Changer & Dresser stated that "we're not arguing that Copperhead doesn't have standing to bring the suit" and "agree[d] that if Copperhead is permitted to be substituted under Rule 17 for 002152706 Ontario Limited, then, yes, that resolves the motion to dismiss." (Doc. 134 at 28-29). Nevertheless, the court

11

suffered an injury in fact as required for Article III standing and is not a successor in title as required for § 281 standing because Copperhead is not a party to the original assignment and the corrective assignments are not effective. The court disagrees. Copperhead has established that it was the intended purchaser of the rights to the patents-in-suit and the intended assignee of the original assignment. In addition, Copperhead corrected the mistake of identifying the corporation by its Ontario Corporation Number through the filing of corrective assignments.

The evidence establishes that in 2011, when he purchased a 50% share of Copperhead, and in 2013, when he signed the Patent Purchase Agreement and original assignment, Mr. Ruggiero mistakenly believed that 002152706 Ontario Limited was Copperhead's legal name. (Doc. 104 at ¶¶ 10, 13; Doc. 104-4). In December 2016, based on Mr. Ruggiero's new understanding that Copperhead was the corporation's formal corporate name, Copperhead filed corrective assignments with the USPTO. (Doc. 104 at ¶ 21; Doc. 104-7; Doc. 104-8; Doc. 104-9; Doc. 104-10).

Changer & Dresser contends that the absence of evidence of Mr. Kaeseler's intent regarding modification of the original assignment is fatal to Copperhead's ability to establish standing. (Doc. 101-1 at 15-16). The court is not persuaded

---

exercises its independent obligation to ensure that it has subject matter jurisdiction to hear this case. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016).

because Copperhead has presented sufficient other extrinsic evidence establishing that the parties intended for Mr. Kaeseler to transfer his rights in the patents-in-suit to Copperhead. For example, Copperhead and not 002152706 Ontario Limited, made required payments due Mr. Kaeseler under the Patent Purchase Agreement. (Doc. 104 at ¶¶ 16-18; Doc. 104-5; Doc. 104-6). In addition, Copperhead's articles of incorporation list "002152706" as Copperhead's Ontario Corporation Number and Mr. Ruggiero as its incorporator and sole director. (Doc. 136-1 at 7). The articles of incorporation also state that Copperhead's registered business address is 1416 Rebecca Street, Oakville Ontario, Canada L6L 1Z5. (Doc. 136-1 at 7). This is the same address listed for 002152706 Ontario Limited in the Patent Purchase Agreement and original assignment. (Doc. 104-1 at 1; Doc. 104-2 at 1).

In addition to this evidence, Copperhead relies on a Canadian Federal Court judgment which found that Copperhead, not 002152706 Ontario Limited, was the owner of two Canadian patents that are the foreign counterparts to the patents-in-suit in this litigation. (Doc. 111; Doc. 111-1). Although the court is not bound by the foreign judgment, the court finds it especially persuasive under the circumstances of this case.

In the Canadian case, Copperhead sought to correct patent records to reflect that Copperhead, not 002152706 Ontario Limited, owned the Canadian patents at issue. (Doc. 111-1 at 4). The application arose in the context of separate actions

alleging that Changer & Dresser had infringed the Canadian patents. (Doc. 111-1 at 5). Like the original assignment on record with the USPTO in this case, the Patent Office and Canadian Patents Database originally showed 002152706 Ontario Limited as the owner of the patents. (Doc. 111-1 at 5). Based on nearly identical evidence that Copperhead has submitted in this case, the Canadian Federal Court concluded that Copperhead established that inclusion of 002152706 Ontario Limited in the Canadian patent assignment was due to Mr. Ruggerio's misunderstanding about Copperhead's legal name, and that the patents in issue were in fact assigned to Copperhead. (Doc. 111-1 at 12).

Changer & Dresser argues that the Canadian Federal Court judgment involved "markedly different facts than those at issue here" because in this case, there is an intervening assignment to Mr. Ruggiero of the patents-in-suit which refutes Copperhead's "central argument that [Mr. Kaeseler] always intended to assign the U.S. patents to Copperhead." (Doc. 112 at 2; *see also* Doc. 108 at 6-7). The court is not convinced. The March 8, 2013 assignment to Mr. Ruggerio states that "no assignment, sale, agreement or encumbrance has been or will be made or entered into which would conflict with this assignment." (Doc. 108-1 at 6). Despite this covenant, three weeks earlier, Mr. Kaeseler assigned his rights to the patents-in-suit and had received from Copperhead the first of two required payments for the intellectual property rights. (*See* Doc. 104 at ¶¶ 8, 16; Doc. 104-

14

1; Doc. 104-2; Doc. 104-5). In addition, Changer & Dresser states that it "is not conceding that the purported assignment to Mr. Ruggerio is valid, and reserves the right to context the validity of the Ruggerio Assignment." (Doc. 108 at 6, n.3). Therefore, the assignment to Mr. Ruggerio does not undermine the persuasive value of the Canadian Federal Court judgment or alter the court's conclusion that the parties intended for Copperhead to receive rights to the patents-in-suit.

Accordingly, the court **DENIES** Change & Dresser's motion to dismiss Copperhead's claims for lack of standing.

### B.   *JEC*

In their fifth amended complaint, Plaintiffs allege that JEC is a non-exclusive licensee of the patents-in-suit. (Doc. 100 at ¶ 24). "A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 (Fed. Cir. 2007). Because JEC is a non-exclusive licensee, it lacks standing to sue for patent infringement. *See Morrow*, 499 F.3d at 1341; *Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) ("A holder of [] a nonexclusive license suffers no legal injury from infringement and, thus, has no standing to bring suit or even join in a suit with the patentee."). Accordingly, the

court **GRANTS** Changer & Dresser's motion to dismiss JEC's claims for lack of standing.

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiffs' motion to substitute (doc. 103) and **GRANTS IN PART** and **DENIES IN PART** Changer & Dresser's motion to dismiss (doc. 101).

The court **DISMISSES** JEC's claims **WITHOUT PREJUDICE** for lack of standing. Copperhead's claims against Changer & Dresser will proceed.

The court **SETS** this case for a status conference at **2:00 p.m.** on **February 13, 2019**. By notifying chambers (axon_chambers@alnd.uscourts.gov) <u>not less than two working days</u> before the scheduled conference, attorneys may participate by telephone.

**DONE** and **ORDERED** this January 28, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE