FILED
2020 Jan-28 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **COPPERHEAD INDUSTRIAL, Inc.,** | |
| Plaintiff/Counter Defendant, | |
| v. | Case No.: 1:18-cv-01228-ACA |
| **CHANGER & DRESSER, Inc.** | |
| Defendant/Counter Claimant. | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Changer & Dresser, Inc.'s ("C&D") motion for partial summary judgment on damages. (Doc. 163).

C&D argues that if Plaintiff Copperhead Industrial, Inc. ("Copperhead") prevails on its patent infringement claims against C&D, it cannot recover lost profits as a matter of law. C&D also asks the court to find as a matter of law that Copperhead's recovery, if any, should be limited to a reasonable royalty.

The court **GRANTS** C&D's motion to the extent C&D seeks to prohibit recovery of lost profits because the undisputed evidence is that Copperhead does not sell any products covered by the patents-in-suit. The court **DENIES** the motion to the extent C&D seeks to limit recovery to a reasonable royalty because lost profits and a reasonable royalty are not the only measures of damages for patent infringement.

1

## I. RELEVANT BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Copperhead is a Canadian company that distributes automotive manufacturing industry products including cap changers, tip dressers, sensors, weld gun covers, cutter blades and holders, and force gauges. (Doc. 171-2 at ¶ 5). Copperhead owns United States Patent Numbers 8,742,281; 9,168,609; 9,393,639; and 9,757,814 (the "patents-in-suit"). (Doc. 100 at ¶¶ 22–24; Doc. 171-2 at ¶ 5).

The patents-in-suit concern, among other things, the design of spot-welding cap changers and their accompanying magazine. (Doc. 100-1 at 2). Copperhead does not manufacture or sell the cap changers or magazines allegedly covered by the patents-in-suit. (Sealed Doc. 165-2 at 5–6, 9; Sealed Doc. 165-3 at 3–5). JEC Distributors, Inc. ("JEC")[1] sells Copperhead cap changers and magazines under a license from Copperhead. (Sealed Doc. 165-2 at 3–4, 7–8; Doc. 179-2 at ¶ 7).

When JEC distributes Copperhead cap changers, JEC makes a flat-fee payment to Copperhead for each unit sold. (Sealed Doc. 165-2 at 11). Joe

---

[1] JEC was an original party plaintiff. The court has dismissed JEC's claims, and JEC is no longer a party to this lawsuit. (*See* Docs. 139; 178).

Ruggerio, owner of both Copperhead and JEC, testified that the amount of the payment JEC makes to Copperhead for each sale was computed by calculating costs savings generated as a result of shifting manufacturing of the products from Europe to Canada. (Doc. 171-1 at 3–4). According to Mr. Ruggerio, JEC's profits from sales of cap changers flow directly to Copperhead. (Doc. 179-2 at ¶ 8).

## II. DISCUSSION

C&D moves for summary judgment on the narrow issue of the measure of damages that Copperhead might recover should Copperhead prevail on the merits of its patent infringement claims. (Doc. 163 at 1).

The Patent Act provides that a patentee shall be awarded "damages adequate to compensate for infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. "Despite the broad damages language of § 284, patentees tend to try to fit their damages cases into the 'lost profits' framework, or else fall back on the statutory grant of a reasonable royalty." *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1366 (Fed. Cir. 2008), *mandate recalled and amended on other grounds by Mars, Inc. v. Coin Acceptors, Inc.*, 557 F.3d 1377 (Fed. Cir. 2009).

To recover lost profits, "the patentee needs to have been selling some item, the profits of which have been lost due to infringing sales." *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004). In addition,

"a patentee may not claim, as its own damages, the lost profits of a related company." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015), *judgment vacated on other grounds by Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 136 S. Ct. 893 (2016).

Copperhead does not contest these general rules. (Doc. 172-1 at 6–8). And the evidence is undisputed that Copperhead does not sell the patented products. (Sealed Doc. 165-2 at 5–6, 9; Sealed Doc. 165-3 at 3–5; Doc. 179-2 at ¶ 6). Nevertheless, Copperhead argues that *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008), left open the possibility that Copperhead may "recover profits that otherwise belong to JEC" for sale of the patented devices under an "inexorable flow" theory. (Doc. 172-1 at 6–9) (citing *Mars*, 527 F.3d at 1367). The court disagrees.

In *Mars*, the patentee argued that a subsidiary's profits flowed inexorably to the patentee, and therefore, the patentee could recover the lost profits that the subsidiary would have made absent infringement of the patent. *Mars*, 527 F.3d at 1367. The Federal Circuit rejected this argument because the patentee did not identify evidence that it received profit or revenue from the subsidiary apart from license royalty payments. *Id.* Therefore, the Federal Circuit stated that it "need not decide whether a parent company can recover on a lost profits theory when

profits of a subsidiary actually *do* flow inexorably up to the parent." *Id.* (emphasis in original).

Copperhead argues that *Mars* "left open the possibility for a patent holder to recover the lost profits of a related company if the profits from that related company 'flow inexorably' to the patent holder." (Doc. 172 at 6–7). To the extent that is true, in cases decided after *Mars*, the Federal Circuit reiterated its position that a patent owner cannot recover lost profits from a related company where, as here, the patent owner itself does not sell any of the patented products. *See Warsaw*, 778 F.3d at 1375 ("Under our case law a patentee may not claim, as its own damages, the lost profits of a related company."); *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (because patent owner did not sell any products, patent owner was not entitled to lost profits damages for any lost profits suffered by sister companies that sold patented products).

Because the Federal Circuit has not adopted the inexorable flow theory,[2] and because Copperhead does not sell any patented product, it may not recover lost profits—its own or JEC's. *See Warsaw*, 778 F.3d at 1375; *Spine Sols.*, 620 F.3d at 1319; *Poly-America*, 383 F.3d at 1311.

---

[2] Copperhead cites a number of decisions in which district courts have applied the inexorable flow theory. (Doc. 172 at 7). The court is neither bound nor persuaded by those decisions. Rather, the court will follow binding Federal Circuit precedent which has not endorsed the inexorable flow theory.

5

Having decided that Copperhead may not recover lost profits, C&D asks the court to find as a matter of law that Copperhead's damages, if any, are limited to a reasonable royalty. (Sealed Doc. 164-1 at 7). C&D's position is too extreme and unsupported by law. The Patent Act establishes a reasonable royalty as the floor for damages for patent infringement. *See* 35 U.S.C. § 285. And the Federal Circuit has recognized that "patentees may be entitled to damages above a reasonable royalty on theories entirely distinct from lost profits." *Mars*, 527 F.3d at 1366. In the operative complaint, Copperhead seeks "all damages caused by C&D's infringement pursuant to 35 USC § 285, to the extent allowable by law." (Doc. 100 at 9). Therefore, Copperhead has not foreclosed the possibility that it may request and recover some measure of damages above a reasonable royalty but less than lost profits.[3]

Accordingly, C&D has not established as a matter of law that Copperhead is limited to a reasonable royalty only should Copperhead prevail on its patent infringement claims.

## III. CONCLUSION

The court **GRANTS** C&D's motion for partial summary judgment as to Copperhead's ability to recover lost profits. Should Copperhead prevail on its

---

[3] Whether Copperhead advances a such a theory of damages should it prevail on its claims is a question for another day.

patent infringement claims, Copperhead may not recover its lost profits or the lost profits of any company selling the patented products.

The court **DENIES** C&D's motion for partial summary judgment to the extent C&D seeks to limit Copperhead's recovery to a reasonable royalty only.

**DONE** and **ORDERED** this January 28, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE